IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JIMMY D. HENSON,
                           PLAINTIFF

v.         Case No. 3:07-cv-3004

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jimmy D. Henson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability, Disability Income Benefits (DIB), and Supplemental Security Income (SSI), under the provisions of Titles II and XVI of the Social Security Act (Act). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Procedural Background:**

Plaintiff protectively filed for DIB and SSI on May 25, 2004 alleging disability due to a back disorder and pain. (Tr. 50-52, 65). Plaintiff's applications were denied initially and on

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

reconsideration. (Tr. 21-29, 32-34). Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on April 11, 2006. Plaintiff, represented by attorney Frederick Spencer, appeared and testified at the hearing, along with vocational expert (VE) Jim Spragins. Also appearing and testifying was Plaintiff's witness, James Farr. (Tr. 244-286). On September 18, 2006, the ALJ issued an unfavorable decision. (Tr. 10-17). The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision. (Tr. 2-3).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

2

year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3.  Discussion:

The Plaintiff appealed the decision of the Commissioner finding him not disabled.  He claims

the ALJ erred by breaching his duty to fully develop the record; the ALJ's findings are not supported by substantial evidence in the record; the ALJ erred by not giving the proper weight to the testimony of treating physicians; the ALJ erred by failing to consider the evidence of organic mental problems; the ALJ failed to make full and explicit findings; and the ALJ erred in discrediting Plaintiff's complaints of pain.  The Defendant argues the ALJ fully and fairly developed the record; the ALJ's decision is supported by substantial evidence; the ALJ properly considered all medical opinions; the ALJ properly determined Plaintiff's impairments did not meet a listing; and the ALJ properly assessed the credibility of Plaintiff's complaints of pain.

### A. Duty to Fully Develop the Record

Plaintiff argues an additional neurological examination of Plaintiff was needed, and the ALJ's failure to obtain this examination was error.  The Defendant argues the Plaintiff did have such an examination, and the ALJ satisfied his duty to fully and fairly develop the record.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel.  If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations.  *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984).  Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled.  *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

Throughout Plaintiff's medical records, reference is made to a neurologic condition that is described in various ways. The central theme in these records is the inability for the physicians to determine a certain diagnosis. On November 12, 2003, Plaintiff was examined by Dr. Rampton with Concentra Medical Center. (Doc. No. 163). This was three days following the onset date. At this visit, Plaintiff's legs were found to be "shaky." On November 15, 2003, Plaintiff returned to Concentra Medical Center and was seen by Dr. Gilbert Mobley. (Doc. No. 157). He was found to have upper body tremors that worsened with activity. On November 17, 2003, Plaintiff was examined by nurse Darrin Taylor at Concentra Medical Center. (Doc. No. 153). Plaintiff was experiencing a rhythmic/wobbling posture. Nurse Taylor found this "VERY unusual." (Doc. No. 153).

On December 15, 2003, Plaintiff was examined by Dr. Jeffrey Woodward of the Springfield Neurological and Spine Institute. (Doc. No. 166). Dr. Woodward indicated in his exam that Plaintiff had an unusual and atypical spine and thigh muscle tremor of uncertain etiology. (Doc. No. 166, 170). Plaintiff returned to see Dr. Woodward on January 12, 2004. (Doc. No. 168). During this visit, Dr. Woodward indicated Plaintiff again exhibited atypical body movements with mild trunk, lumbar and hip flexion activity motion every few seconds which was not stereotypical. (Doc. No. 168).

On June 9, 2004, Plaintiff was seen by spine surgeon Dr. Alan Scarrow. (Doc. No. 174 - 175). During his exam, Dr. Scarrow found it "most remarkable" that Plaintiff had persistent rhythmic movements in his torso and both legs. (Doc. No. 174). Dr. Scarrow did not know what Plaintiff suffered from, but felt the movements were involuntary. (Doc. No. 174). Dr. Scarrow felt an additional consultative opinion from a second physician would be beneficial. (Doc. No. 175).

Following Plaintiff's administrative hearing on April 11, 2006, Plaintiff underwent a nueourlogic consultative exam by Dr. A. Roy Tyrer. (Doc. No. 227-228). Following this exam, Dr. Tyrer was unable to definitively diagnosis Plaintiff's condition. Dr. Tyrer did not believe Plaintiff's symptoms were organic in nature, but felt Plaintiff might be experiencing an atypical muscular dystonia or movement disorder. (Doc. No. 228). Dr. Tyrer felt there would be "much merit" in having Plaintiff seen by a neurologist specializing in neuromuscular disorders. He specially mentioned Dr. Tulio Bertorini in Memphis, Tennessee, as one such specialist. Dr. Bertorini is the director of the Muscular Dystrophy Clinic in Memphis. (Doc. No. 228). According to the record, Plaintiff has not been examined by Dr. Bertorini or any other neurologist.

A consultative exam at the governments expense is discretionary and is limited to instances in which the record establishes such an examination is necessary to enable the ALJ to make a disability decision. *See Harwood v. Sullivan*, 888 F2d 1463, 1472 (5th Cir. 1989). It is the opinion of the court this is just such a situation. Plaintiff has now been treated by one physician assistant and five physicians, three of whom are specialists, and thus far, none of them can diagnosis Plaintiff's condition dealing with his involuntary muscle movement. When Plaintiff was last seen by Dr. Tyrer, it was his opinion Plaintiff would benefit from being seen a medical neurologist specializing in neuromuscular disorders.

It is clear Plaintiff is suffering from a condition which is uncommon and difficult to determine. The medical records presented do not provide sufficient medical evidence to determine the nature and extent of a Plaintiff's limitations and impairments. As such, I find the ALJ has not met his duty to fully and fairly develop the record.

Because I find the ALJ did not fully and fairly develop the record, this case should be reversed and remanded. Upon remand, the ALJ shall have Plaintiff undergo a consultative examination by a medical neurologist specializing in neuromuscular disorders, as suggested by Dr. Tyrer. If assistance is needed in this regard, Dr Tyrer should be contacted for referral advice.[3]

Because I find the ALJ did not fully and fairly develop the record in this case, the remainder of Plaintiff's claims are not addressed in this Memorandum Opinion.

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, the decision of the ALJ denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion

**ENTERED** this **29th day of February 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.